[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is a two count complaint by an employee against the employer Town of Enfield and its water pollution control superintendent, alleging in the first count a complaint under General Statutes § 31-51m, the "whistle blower" statute, and in the second count intentional infliction of emotional distress.
Defendants move to dismiss the complaint on the ground that this court lacks subject matter jurisdiction because plaintiff has failed to exhaust his administrative remedies under the collective bargaining agreement to which he is subject. Defendants point out that the complaint specifies certain disciplinary actions taken against Plaintiff, which are the subject of the grievance he has filed, and argues that subsection (c) of General Statutes § 31-51m requires administrative remedies to be exhausted before a claim can be made under the statute.
General Statutes § 31-51m authorizes a civil action to protect an employee who discloses an employer's illegal activities or unethical practices. Subsection (c) provides that "Any employee who is . . . disciplined . . . in violation of subsection (b) may, after exhausting all available administrative remedies, bring a civil action, within ninety days of the date of the final administrative determination or within ninety days of such violation, CT Page 989 whichever is later. . . ."
General Statutes § 31-51bb provides that "No employee shall be denied the right to pursue, in a court of competent jurisdiction, a cause of action arising under . . . a state statute solely because the employee is covered by a collective bargaining agreement." Our Supreme Court has held that under § 31-51bb, "an employee who does not exhaust the grievance procedures established in a collective bargaining agreement may pursue a cause of action in the Superior Court if the cause of action is premised on an independent statutory claim." (Emphasis in the original.)Genovese v. Gallo Wine Merchants, Inc., 226 Conn. 475, 481
(1993). However, the exhaustion requirement is retained "in cases in which the plaintiff's claim arises from a right dependent on the provisions of the collective bargaining agreement." Id., 482 n. 8; see also 31 H.R. Proc., Pt 13, 1988 Sess., pp. 4564-65.
General Statutes § 31-51bb was enacted to "eliminate the requirement that a plaintiff who is subject to a collective bargaining agreement exhaust all grievance and arbitration procedures before pursuing any statutory remedies in the trial court." Genovese v. Gallo WineMerchants, Inc., supra, 226 Conn. 481. According to the legislative history, the purpose of General Statutes § 31-51bb
is "to insure that the courts of this state are going to be open to all individuals, regardless of whether they're covered by a collective bargaining agreement." 31 H.R. Proc., Pt 13, 1988 Sess., p. 4567. And even more specifically:
 What this act also makes clear is if the employee has had a right violated, or alleges that a right has been violated by their employer, which has a remedy outside of the collective bargaining agreement, for example, if there was a claim made . . . [that] the employee was being retaliated against, allegedly, because they had used the provision of our whistle blower statute here [t]hat employee would still be able to bring an independent action in state or federal court, regardless of whether or not they had exhausted the provisions of the collective bargaining agreement.
CT Page 990
31 H.R. Proc., Pt 13, 1988 Sess., p. 4565. See alsoGenovese v. Gallo Wine Merchants, Inc., supra, 482.
It is concluded that pursuant to General Statutes § 31-51bb, an employee is not required to exhaust the grievance procedures of a collective bargaining agreement prior to bringing a claim under General Statutes § 31-51m. SeeCassotto v. Winchester Board of Education, Superior Court, judicial district of Litchfield, Docket No. 062801 (November 15, 1994, Pickett, J., 13 Conn. L. Rptr. 4).
Motion to dismiss denied.
Wagner, J.T.R.